UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

**FILED**

MAY 20 2013

FREDERICK J. KAPALA
U.S. DISTRICT COURT JUDGE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | No. 12 CR 50046 |
| vs. | ) | |
| | ) | Judge Frederick J. Kapala |
| JASON NICOSON | ) | |

## PLEA AGREEMENT

1.      This Plea Agreement between the United States Attorney for the Northern District of Illinois, GARY S. SHAPIRO, and defendant JASON NICOSON, and his attorney, PAUL G. GAZIANO, is made pursuant to Rule 11 of the Federal Rules of Criminal Procedure and is governed in part by Rule 11(c)(1)(A), as more fully set forth below. The parties to this Agreement have agreed upon the following:

### Charges in This Case

2.      The indictment in this case charges defendant with transportation of child pornography, in violation of Title 18, United States Code, Section 2252A(a)(1) (Counts 1-2), and possession of child pornography, in violation of Title 18, United States Code, Section 2252A(a)(5)(B) (Count 3).

3.      Defendant has read the charges against him contained in the indictment, and those charges have been fully explained to him by his attorney.

4.      Defendant fully understands the nature and elements of the crimes with which he has been charged.

## Charge to Which Defendant Is Pleading Guilty

5.    By this Plea Agreement, defendant agrees to enter a voluntary plea of guilty to the following counts of the indictment: Counts One and Two, which charge defendant with transporting child pornography, in violation of Title 18, United States Code, Section 2252A(a)(1). In addition, as further provided below, defendant agrees to the entry of a forfeiture judgment.

## Factual Basis

6.    Defendant will plead guilty because he is in fact guilty of the charge contained in Counts One and Two of the indictment. In pleading guilty, defendant admits the following facts and that those facts establish his guilt beyond a reasonable doubt, constitute relevant conduct pursuant to Guideline § 1B1.3, and establish a basis for forfeiture of the property described elsewhere in this Plea Agreement:

a.    As charged in the indictment, on December 2, 2011, in the Northern District of Illinois, Western Division, and elsewhere, the defendant used a means or facility of interstate commerce, namely, the Internet, to knowingly transport child pornography, as that term is defined in Title 18, United States Code, Section 2256(8)(A), namely, a computer file titled, "ght(108).jpg", and on December 14, 2011, in the Northern District of Illinois, Western Division, and elsewhere, the defendant used a means or facility of interstate commerce, namely, the Internet, to knowingly transport child pornography, as that term is

2

defined in Title 18, United States Code, Section 2256(8)(A), namely, a computer file titled, "be !!!JA~1.JPG".

        b.      Specifically, on December 2, 2011 and December 14, 2011, at his home in Roscoe, Illinois, the defendant operated a computer that was equipped with a peer-to-peer software program designed for sharing information on the defendant's computer with third persons through the use of the Internet. On those dates, the defendant authorized another person to obtain, download, and transport images and videos from his computer by utilizing the peer-to-peer software. The images and videos contained multiple visual depictions of minors engaging in sexually explicit conduct. One of the images that the other person downloaded from the defendant's computer on December 2, 2011 was named "ght(108).jpg". The image depicts a prepubescent female who is wearing only panties, and an adult hand is pulling the underwear aside and is spreading the genitals with their fingers. One of the images that the other person downloaded from the defendant's computer on December 14, 2011 was named "be !!!JA~1.JPG". The image depicts a nude prepubescent female who is being vaginally penetrated by the finger of an adult. At the time he shared these images for transportation from his computer through the Internet, the defendant knew the images depicted actual human minors engaged in sexually explicit conduct.

        c.      On January 9, 2011 and before, the defendant intended to possess and did possess, numerous images and videos that he knew depicted actual human minors engaged

3

in sexually explicit conduct, that had been shipped and transported in interstate commerce by means of computers and the Internet.

        d.      On January 9, 2011 and before, the defendant possessed an Acer Aspire 5349 laptop computer with serial number LXRR90200413300EEF7600 that contained a Hitachi 0J20002 hard drive with serial number 4208FX4J, and an Acer Aspire 5332 laptop without a legible serial number that contained a Toshiba hard drive with serial number 89J1SAM0S. On January 9. 2011 and before, the defendant knew that the computers contained numerous images and videos that depicted actual human minors engaged in sexually explicit conduct. The defendant had used the computers for the transportation of such images over the Internet.

### Maximum Statutory Penalties

        7.      Defendant understands that the charge to which he is pleading guilty carries the following statutory penalties:

        a.      For each of Counts One and Two, a maximum sentence of 20 years' imprisonment, and a statutory mandatory minimum sentence of 5 years imprisonment. These offenses also each carry a maximum fine of $250,000. Defendant further understands that the judge also must impose a term of supervised release of at least five years, and up to any number of years, including life.

        b.      Defendant further understands that the Court must order restitution to the victims of the offenses in an amount determined by the Court. The Court also may order restitution to any persons as agreed by the parties.

4

c.  In accord with Title 18, United States Code, Section 3013, defendant will be assessed $100 on the each of the charges to which he has pled guilty, in addition to any other penalty or restitution imposed.

### Sentencing Guidelines Calculations

8.  Defendant understands that in imposing sentence the Court will be guided by the United States Sentencing Guidelines. Defendant understands that the Sentencing Guidelines are advisory, not mandatory, but that the Court must consider the Guidelines in determining a reasonable sentence.

9.  For purposes of calculating the Sentencing Guidelines, the parties agree on the following points, except as specified below:

a.  **Applicable Guidelines**. The Sentencing Guidelines to be considered in this case are those in effect at the time of sentencing. The following statements regarding the calculation of the Sentencing Guidelines are based on the Guidelines Manual currently in effect, namely the November 2012 Guidelines Manual.

b.  **Offense Level Calculations.**

i.  The base offense level is 22, pursuant to Guideline 2G2.2(a)(2).

ii.  The Government contends, and the Defendant reserves the right to disagree, that pursuant to Guideline 2G2.2(b)(2), the offense level is increased by 2 levels to level 24, because the images involved prepubescent minors and minors under the age of twelve years.

5

iii.     The Government contends, and the Defendant reserves the right to disagree, that pursuant to Guideline 2G2.2(b)(3)(F), the offense level is increased by 2 levels to level 26, because the offenses involved the distribution of child pornography.

iv.     The Government contends, and the Defendant reserves the right to disagree, that pursuant to Guideline 2G2.2(b)(4), the offense level is increased by 4 levels to level 30, because the offenses involved material that portrays sadistic or masochistic conduct or depictions of violence.

v.     The Government contends, and the Defendant reserves the right to disagree, that pursuant to Guideline 2G2.2(b)(5), the offense level is increased by 5 levels to level 35, because the offenses involved a pattern of activity involving the sexual abuse or exploitation of a minor.

vi.     The Government contends, and the Defendant reserves the right to disagree, that pursuant to Guideline 2G2.2(b)(6), the offense level is increased by 2 levels to level 37, because the offenses involved the use of a computer for the distribution of the material.

vii.     The Government contends, and the Defendant reserves the right to disagree, that pursuant to Guideline 2G2.2(b)(7)(D), the offense level is increased by 5 levels to level 42, because the offenses involved 600 or more images.

viii.     Defendant has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for his criminal conduct. If the government does not receive additional evidence in conflict with this provision, and if defendant continues to

6

accept responsibility for his actions within the meaning of Guideline § 3E1.1(a), including by furnishing the United States Attorney's Office and the Probation Office with all requested financial information relevant to his ability to satisfy any fine or restitution that may be imposed in this case, a two-level reduction in the offense level is appropriate.

ix.     In accord with Guideline § 3E1.1(b), defendant has timely notified the government of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the Court to allocate its resources efficiently. Therefore, as provided by Guideline § 3E1.1(b), if the Court determines the offense level to be 16 or greater prior to determining that defendant is entitled to a two-level reduction for acceptance of responsibility, the government will move for an additional one-level reduction in the offense level.

c.      **Criminal History Category**. With regard to determining defendant's criminal history points and criminal history category, based on the facts now known to the government, defendant's criminal history points equal zero and defendant's criminal history category is I.

d.      **Anticipated Advisory Sentencing Guidelines Range**. Therefore, based on the facts now known to the government, the anticipated offense level is 32, which, when combined with the anticipated criminal history category of I, results in an anticipated advisory Sentencing Guidelines range of 262 to 327 months' imprisonment, in addition to any supervised release, fine, and restitution the Court may impose. Defendant also

7

acknowledges that he is subject to a statutory minimum sentence of 5 years' imprisonment for each count on which he pleads guilty.

e.     Defendant and his attorney and the government acknowledge that the above Guideline calculations are preliminary in nature, and are non-binding predictions upon which neither party is entitled to rely. Defendant understands that further review of the facts or applicable legal principles may lead the government to conclude that different or additional Guideline provisions apply in this case. Defendant understands that the Probation Office will conduct its own investigation and that the Court ultimately determines the facts and law relevant to sentencing, and that the Court's determinations govern the final Guideline calculation. Accordingly, the validity of this Agreement is not contingent upon the probation officer's or the Court's concurrence with the above calculations, and defendant shall not have a right to withdraw his plea on the basis of the Court's rejection of these calculations.

f.     Both parties expressly acknowledge that this Agreement is not governed by Fed.R.Crim.P. 11(c)(1)(B), and that errors in applying or interpreting any of the Sentencing Guidelines may be corrected by either party prior to sentencing. The parties may correct these errors either by stipulation or by a statement to the Probation Office or the Court, setting forth the disagreement regarding the applicable provisions of the Guidelines. The validity of this Agreement will not be affected by such corrections, and defendant shall not have a right to withdraw his plea, nor the government the right to vacate this Agreement, on the basis of such corrections.

8

## Agreements Relating to Sentencing

10.     The government is free to recommend any sentence within the applicable guideline range. The defendant is free to recommend any sentence.

11.     It is understood by the parties that the sentencing judge is neither a party to nor bound by this Agreement and may impose a sentence up to the maximum penalties as set forth above. Defendant further acknowledges that if the Court does not accept the sentencing recommendation of the parties, defendant will have no right to withdraw his guilty plea.

12.     Regarding restitution, defendant acknowledges that pursuant to Title 18, United States Code, Section 2259, the Court must order restitution in the full amount of the losses of any victim of defendant's offense, as the terms "victim" and "loss" are defined in that section. The amount of restitution shall be determined by the Court at sentencing.

13.     Defendant also acknowledges that in addition to restitution due pursuant to Title 18, United States Code, Section 2259, he is liable for restitution pursuant to Title 18, United States Code, Section 3663A.

14.     Defendant also agrees to pay additional restitution arising from the relevant conduct set forth above, in an amount to be determined by the Court at sentencing, pursuant to Title 18, United States Code, §§ 2259, 3663(a)(3) and 3664.

15.     Restitution shall be due immediately, and paid pursuant to a schedule to be set by the Court at sentencing. Defendant acknowledges that pursuant to Title 18, United States Code, Section 3664(k), he is required to notify the Court and the United States Attorney's

9

Office of any material change in economic circumstances that might affect his ability to pay restitution.

16.    Defendant agrees to pay the special assessment of $200 at the time of sentencing with a cashier's check or money order payable to the Clerk of the U.S. District Court.

17.    Defendant agrees that the United States may enforce collection of any fine or restitution imposed in this case pursuant to Title 18, United States Code, Sections 3572, 3613, and 3664(m), notwithstanding any payment schedule set by the Court.

18.    After sentence has been imposed on the count to which defendant pleads guilty as agreed herein, the government will move to dismiss the remaining counts of the indictment as to defendant.

## Forfeiture

19.    Defendant understands that Counts One and Two of the indictment filed against him contain a forfeiture allegation. That allegation seeks, pursuant to 18 U.S.C. § 2253, as forfeitable property:

    (a)    Acer Aspire 5349 laptop computer with serial number LXRR90200413300EEF7600 that contained a Hitachi 0J20002 hard drive with serial number 4208EX4J;
    (b)    Acer Aspire 5332 laptop without a legible serial number that contained a Toshiba hard drive with serial number 89J1SAM0S.

The defendant used these items to commit, and to facilitate the commission of the offenses as set forth in the information. By entry of a guilty plea to the information, defendant acknowledges that the property identified above is subject to forfeiture.

10

20.     Defendant understands that forfeiture of this property shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon defendant in addition to the forfeiture judgment.

## Acknowledgments and Waivers Regarding Plea of Guilty

### Nature of Agreement

21.     This Agreement is entirely voluntary and represents the entire agreement between the United States Attorney and defendant regarding defendant's criminal liability in case 12 CR 50046.

22.     This Agreement concerns criminal liability only. Except as expressly set forth in this Agreement, nothing herein shall constitute a limitation, waiver, or release by the United States or any of its agencies of any administrative or judicial civil claim, demand, or cause of action it may have against defendant or any other person or entity. The obligations of this Agreement are limited to the United States Attorney's Office for the Northern District of Illinois and cannot bind any other federal, state, or local prosecuting, administrative, or regulatory authorities, except as expressly set forth in this Agreement.

### Waiver of Rights

23.     Defendant understands that by pleading guilty he surrenders certain rights, including the following:

a.     **Trial rights**. Defendant has the right to persist in a plea of not guilty to the charges against him, and if he does, he would have the right to a public and speedy trial.

11

i. The trial could be either a jury trial or a trial by the judge sitting without a jury. However, in order that the trial be conducted by the judge sitting without a jury, defendant, the government, and the judge all must agree that the trial be conducted by the judge without a jury.

ii. If the trial is a jury trial, the jury would be composed of twelve citizens from the district, selected at random. Defendant and his attorney would participate in choosing the jury by requesting that the Court remove prospective jurors for cause where actual bias or other disqualification is shown, or by removing prospective jurors without cause by exercising peremptory challenges.

iii. If the trial is a jury trial, the jury would be instructed that defendant is presumed innocent, that the government has the burden of proving defendant guilty beyond a reasonable doubt, and that the jury could not convict him unless, after hearing all the evidence, it was persuaded of his guilt beyond a reasonable doubt and that it was to consider each count of the indictment separately. The jury would have to agree unanimously as to each count before it could return a verdict of guilty or not guilty as to that count.

iv. If the trial is held by the judge without a jury, the judge would find the facts and determine, after hearing all the evidence, and considering each count separately, whether or not the judge was persuaded that the government had established defendant's guilt beyond a reasonable doubt.

12

v.     At a trial, whether by a jury or a judge, the government would be required to present its witnesses and other evidence against defendant. Defendant would be able to confront those government witnesses and his attorney would be able to cross-examine them.

vi.     At a trial, defendant could present witnesses and other evidence in his own behalf. If the witnesses for defendant would not appear voluntarily, he could require their attendance through the subpoena power of the Court. A defendant is not required to present any evidence.

vii.     At a trial, defendant would have a privilege against self-incrimination so that he could decline to testify, and no inference of guilt could be drawn from his refusal to testify. If defendant desired to do so, he could testify in his own behalf.

viii.     With respect to forfeiture, defendant understands that if the case were tried before a jury, he would have a right to retain the jury to determine whether the government had established the requisite nexus between defendant's offense and any specific property alleged to be subject to forfeiture.

b.     **Appellate rights.** Defendant further understands he is waiving all appellate issues that might have been available if he had exercised his right to trial, and may only appeal the validity of this plea of guilty and the sentence imposed. Defendant understands that any appeal must be filed within 14 calendar days of the entry of the judgment of conviction.

13

c. Defendant understands that by pleading guilty he is waiving all the rights set forth in the prior paragraphs. Defendant's attorney has explained those rights to him, and the consequences of his waiver of those rights.

## Presentence Investigation Report/Post-Sentence Supervision

24. Defendant understands that the United States Attorney's Office in its submission to the Probation Office as part of the Pre-Sentence Report and at sentencing shall fully apprise the District Court and the Probation Office of the nature, scope, and extent of defendant's conduct regarding the charges against him, and related matters. The government will make known all matters in aggravation and mitigation relevant to sentencing.

25. Defendant agrees to truthfully and completely execute a Financial Statement (with supporting documentation) prior to sentencing, to be provided to and shared among the Court, the Probation Office, and the United States Attorney's Office regarding all details of his financial circumstances, including his recent income tax returns as specified by the probation officer. Defendant understands that providing false or incomplete information, or refusing to provide this information, may be used as a basis for denial of a reduction for acceptance of responsibility pursuant to Guideline § 3E1.1 and enhancement of his sentence for obstruction of justice under Guideline § 3C1.1, and may be prosecuted as a violation of Title 18, United States Code, Section 1001 or as a contempt of the Court.

26. For the purpose of monitoring defendant's compliance with his obligations to pay a fine and restitution during any term of supervised release or probation to which defendant is sentenced, defendant further consents to the disclosure by the IRS to the

14

Probation Office and the United States Attorney's Office of defendant's individual income tax returns (together with extensions, correspondence, and other tax information) filed subsequent to defendant's sentencing, to and including the final year of any period of supervised release or probation to which defendant is sentenced. Defendant also agrees that a certified copy of this Agreement shall be sufficient evidence of defendant's request to the IRS to disclose the returns and return information, as provided for in Title 26, United States Code, Section 6103(b).

27.    Defendant understands that pursuant to Title 18, United States Code, Sections 3583(d) and 4042(c), the Court must order as an explicit condition of supervised release that defendant register as a sex offender in compliance with the requirements of the Sex Offender Registration and Notification Act. Defendant also understands that he will be subject to federal and state sex offender registration requirements independent of supervised release, that those requirements may apply throughout his life, and that he may be subject to state and federal prosecution for failing to comply with applicable sex offender registration laws. Defendant understands that no one, including his attorney or the Court, can predict to a certainty the effect of his conviction on his duties to comply with current or future sex offender registration laws. Defendant nevertheless affirms that he wants to plead guilty regardless of any sex offender registration consequences that his guilty plea may entail.

28.     Defendant agrees to participate in psychological counseling and sex offender treatment as directed by the Probation Office as a condition of any sentence of probation or supervised release imposed.

## Other Terms

29.     Defendant agrees to cooperate with the United States Attorney's Office in collecting any unpaid fine and restitution for which defendant is liable, including providing financial statements and supporting records as requested by the United States Attorney's Office.

## Conclusion

30.     Defendant understands that this Agreement will be filed with the Court, will become a matter of public record, and may be disclosed to any person.

31.     Defendant understands that his compliance with each part of this Agreement extends throughout the period of his sentence, and failure to abide by any term of the Agreement is a violation of the Agreement. Defendant further understands that in the event he violates this Agreement, the government, at its option, may move to vacate the Agreement, rendering it null and void, and thereafter prosecute defendant not subject to any of the limits set forth in this Agreement, or may move to resentence defendant or require defendant's specific performance of this Agreement. Defendant understands and agrees that in the event that the Court permits defendant to withdraw from this Agreement, or defendant breaches any of its terms and the government elects to void the Agreement and prosecute

16

defendant, any prosecutions that are not time-barred by the applicable statute of limitations on the date of the signing of this Agreement may be commenced against defendant in accordance with this paragraph, notwithstanding the expiration of the statute of limitations between the signing of this Agreement and the commencement of such prosecutions.

32.    Should the judge refuse to accept defendant's plea of guilty, this Agreement shall become null and void and neither party will be bound to it.

33.    Defendant and his attorney acknowledge that no threats, promises, or representations have been made, nor agreements reached, other than those set forth in this Agreement, to cause defendant to plead guilty.

34.    Defendant acknowledges that he has read this Agreement and carefully reviewed each provision with his attorney. Defendant further acknowledges that he understands and voluntarily accepts each and every term and condition of this Agreement.

AGREED THIS DATE: 20 May 2013

GARY S. SHAPIRO
United States Attorney

JASON NICOSON
Defendant

MICHAEL D. LOVE
Assistant U.S. Attorney

PAUL E. GAZIANO
Attorney for Defendant

17